987 So.2d 1038 (2008)
In the Interest of R.D.W., A minor child, Appellant,
v.
NATCHEZ-ADAMS SCHOOL DISTRICT, Appellee.
No. 2006-CP-01971-COA.
Court of Appeals of Mississippi.
April 15, 2008.
Rehearing Denied August 12, 2008.
*1039 R.D.W., pro se.
Bruce M. Kuehnle, Natchez, Attorney for Appellee.
Before MYERS, P.J., IRVING AND ISHEE, JJ.
IRVING, J., for the Court.
¶ 1. On December 14, 2005, a due process hearing was held wherein R.D.W., a ninth grade student at Natchez High School, was expelled for one calendar year.[1] The Board of Trustees for the Natchez-Adams School District reduced the period of expulsion to the remainder of the 2005-2006 school year and allowed R.D.W. to attend Central Alternative School at the beginning of the 2006-2007 school year. In January 2006, R.D.W. was adjudicated a delinquent by the Adams County Youth Court. On September 27, 2006, R.D.W. filed a motion with the Adams County Youth Court in which he requested that the court modify its order adjudicating him a delinquent and order the Natchez-Adams School District to allow him to return to Natchez High School. Following a hearing on the matter, the court entered a final judgment in which it held (1) that R.D.W.'s request to modify the school board's finding was moot and *1040 that the court lacked jurisdiction to enter an order altering R.D.W.'s placement at Central Alternative School, and (2) that the court did not have jurisdiction to alter or amend its prior order which adjudicated R.D.W. a delinquent, as R.D.W. failed to timely appeal the court's finding. It is this decision from which R.D.W. now appeals. He asserts that he was deprived of his due process and equal protection rights afforded to him under the state and federal constitutions.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On December 6, 2005, R.D.W. was suspended by Allison Jowers, a Natchez High School assistant principal, for referring to Jowers by a derogatory term and for refusing to comply with requests of school officials. The disturbance resulted in R.D.W. being arrested by officers of the Natchez Police Department. Pursuant to the school board's policy, a due process hearing was held before the Natchez-Adams School District's due process review hearing committee on December 14, 2005. At the hearing, Jowers read from an investigative report wherein she relayed the events which resulted in R.D.W.'s suspension. R.D.W. testified in his own defense and denied using profanity toward Jowers. R.D.W. also denied creating a disturbance when a security guard attempted to handcuff him. After considering all of the evidence presented, the committee recommended that R.D.W. be expelled for one calendar year.
¶ 4. R.D.W. appealed the committee's decision to the school board, which reduced his expulsion from one calendar year to the remainder of the 2005-2006 school year. However, the school board ruled that R.D.W. would not return to Natchez High School for the 2006-2007 school year; rather, he would complete the year at Central Alternative School.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 5. First, R.D.W., citing Mississippi Code Annotated section 43-21-621 (Rev.2004), contends that the youth court erred in refusing to order his transfer to Natchez High School from the alternative school. As stated, the youth court determined that the issue of R.D.W.'s school placement was moot and that it lacked jurisdiction to grant the requested relief. We agree. While section 43-21-621(1) empowers a youth court to order a state-supported public school within its jurisdiction to enroll or reenroll any compulsory-school-age child in school, the statute does not grant to the youth court the power to designate the specific school in which the child is to be enrolled. In fact, the statute is clear that that determination is to be made by the school district superintendent: "The superintendent of the school district to which such child is ordered may, in his discretion, assign such child to the alternative school program of such school established pursuant to Section 37-13-92, Mississippi Code of 1972." Miss.Code Ann. § 43-21-621(1). In this case, R.D.W. was assigned to the alternative school and was attending said school at the time he filed his motion in the Natchez County Youth Court, seeking placement in Natchez High School. Therefore, the youth court judge was correct in finding that the placement issue was moot and that the court was without authority to grant the requested relief.
¶ 6. Next, R.D.W. contends that he was denied his due process and equal protection rights afforded to him by the Mississippi and United States constitutions when the youth court failed to amend its order adjudicating him a delinquent. As *1041 previously noted, the youth court entered its order of delinquency in January 2006. R.D.W. did not appeal that decision. In fact, he did nothing until September 27, 2006, at which time he filed his motion seeking modification of the delinquency order. Based on these procedural facts, we find no error with the court's finding and agree that it lacked jurisdiction to modify its order.
¶ 7. THE JUDGMENT OF THE ADAMS COUNTY YOUTH COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] We use initials to protect the identity of the minor involved in this matter.